UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONETT TORRES, on behalf of all current and former employees and the State of California<br><br>Plaintiff,<br><br>v.<br><br>CARESCOPE, LLC (dba VOICE OF SENIORS), BIANCA VUE, and FRANK SIM<br><br>Defendants. | No. 2:15-cv-00198-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Carescope, LLC, Bianca Vue, and Frank Sim's ("Defendants") Motion to Dismiss or Alternatively to Stay Proceedings. (ECF No. 7.) Plaintiff Antonett Torres ("Plaintiff") has filed an opposition to Defendants' motion (ECF No. 8) and Defendants have filed a reply (ECF No. 9). For the reasons below, the Court DENIES Defendants' motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On August 22, 2014 Tamara Hayward ("State Plaintiff") filed a lawsuit in Sacramento Superior Court ("Hayward Action") on behalf of herself and all similarly situated employees.[1]

---

[1] Defendants request the Court take judicial notice of the complaint filed in *Hayward v. Carescope, LLC dba A Voice for Seniors*, Sacramento Superior Court Case No. 34-2014-00168100 (Exhibit C.) (Req. for Judicial Notice, ECF No. 7-5.) This Court may take judicial notice of facts that can be "accurately and readily determined from

1

(Sacramento Superior Compl., ECF No. 7-6 at 4.)  Plaintiff filed the instant action on January 26, 2015, (Compl., ECF No. 1) and filed a First Amended Complaint May 8, 2015, ("FAC") (ECF No. 4).  Defendants contend Plaintiff's instant action is nearly identical to the Hayward Action. (ECF No. 7 at 2.)

In the FAC Plaintiff alleges Defendants systematically failed to pay Plaintiff and similarly situated individuals, in conformance with federal and state law.  (ECF No. 4 at ¶ 5.)  Plaintiff filed eight claims for relief: 1) failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA") Overtime Wages to Class; 2) failure to pay state minimum wages in violation of California Labor Code §§ 1194, 1194.2, 1197(a), and Wage Orders; 3) failure to pay state overtime and double time wages in violation of California Labor Code §§ 510, 1194, and Wage Orders; 4) failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226, 226.6, and Wage Orders; 5) failure to pay all wages owed upon discharge in violation of California Labor Code §§ 201, 202, and 203; 6) failure to allow inspection or copying of employee records in violation of California Labor Code §§ 226(b), 1174, and 1175; 7) unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*; and 8) violation of the Labor Code Private Attorneys General Act pursuant to Labor Code §§ 2698, *et seq*.  (ECF No. 4.)

Plaintiff seeks to represent two classes of caregivers.  (ECF No. 4 at ¶¶ 36–39.)  First, Plaintiff seeks to represent an opt-in FLSA Class of all caregivers who have been employed by Defendants within three years of the filing of the original complaint.  (ECF No. 4 at ¶ 36.) Second, Plaintiff seeks to represent a Rule 23 Class of all caregivers who are or have been employed by Defendants within four years of the filing of the FAC.  (ECF No. 4 at ¶ 39.)

In the Hayward Action, State Plaintiff alleges Defendant Carescope failed to pay in conformance with California Labor Code and Wage Orders.  (ECF No. 7-6 at ¶¶ 1–2.)  State Plaintiff alleges nine causes of action: 1) failure to pay overtime in violation of California Labor

---

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The Ninth Circuit has held that proceedings and determinations of the courts are a matter of public record suitable for judicial notice.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  Defendants' request for judicial notice is GRANTED so that the Court can compare the concurrent federal and state actions.

Code §§ 1450–1454, 1194, and Wage Orders; 2) failure to pay minimum wages in violation of California Labor Code § 1194 and Wage Orders; 3) wage statement violations in violation of California Labor Code § 226(a); 4) waiting time penalties in violation of California Labor Code §§ 201, 202, and 203; 5) unfair competition in violation of California Business and Professions Code §§ 17500 and 17200; 6) unlawful deductions in violation of California Labor Code §§ 221 and 223; 7) failure to pay reimbursement expenses in violation of California Labor Code § 2802(a); 8) violation of Private Attorney General Act Claims pursuant to California Labor Code §§ 2699(a) and 2699.3; and 9) failure to provide meal and rest periods in violation of California Labor Code § 226.7 and Wage Orders.  (ECF No. 7-6.)  State Plaintiff seeks to represent all individuals who work or have worked for Defendants within California as caregivers or other jobs that provide direct care service for Defendants' clients.  (ECF No. 7-6 at ¶ 40.)

Defendants contend that Plaintiff's case should be dismissed or in the alternative stayed pending the resolution of the Hayward Action pursuant to the *Colorado River* abstention doctrine.  (ECF No. 7.)  Plaintiff argues that abstention is not appropriate.  (ECF No. 8.)

**II.    STANDARD**

A. 12(b)(1)

A party may challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The challenge can be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial challenge attacks the pleadings as insufficient to invoke federal jurisdiction whereas a factual challenge contests the veracity of the jurisdictional pleadings.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).  In a factual attack on jurisdiction, a court need not consider the allegations of the complaint as true but may look beyond the complaint to evaluate jurisdictional facts.  *Id*.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id*. at 1040 (applying summary judgment standard of review to district court's dismissal of action for lack of subject matter jurisdiction) (internal quotations and citations omitted).  "A court may not resolve

3

genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'"  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (*citing Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

      B.  *Colorado River* abstention

Generally, district courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  In certain exceptional circumstances, however, a district court may decline to exercise, or postpone the exercise of, its jurisdiction in favor of a concurrent state court proceeding involving identical issues to those raised in the federal suit.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–15 (1983) (*citing Colorado River*, 424 U.S. at 813–18).  Thus, where "considerations of wise judicial administration" warrant, an action in federal court may be stayed or dismissed under the *Colorado River* doctrine in deference to that state court proceeding.  *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367–68 (9th Cir. 1990) (*citing Colorado River*, 424 U.S. at 817).

The court determines whether the requisite "exceptional circumstances" exist under the *Colorado River* doctrine by balancing the following factors: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the party is attempting to forum shop; (7) whether the state court proceedings are adequate to protect the federal litigant's rights; and (8) whether the state court proceedings are parallel.  *Nakash v. Marciano*, 882 F.2d 1411, 1415–17 (9th Cir. 1989).  "When there is no *res* in control of either court and the fora are equally convenient, the first two *Colorado River* factors are irrelevant."  *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1022 (N.D. Cal. 2008) (citing *Nakash*, 882 F.2d at 1415).  The weight given to any one factor may vary greatly, depending upon the circumstances of the case.  *Moses Cone*, 460 U.S. at 16.  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."  *Travelers*, 914 F.2d at 1367 (*quoting Colorado River*, 424 U.S. at 818–19).  In

determining whether to grant a stay, the balance weighs heavily in favor of the exercise of jurisdiction. *Moses Cone*, 460 U.S. at 16.

### III.     ANALYSIS

Defendants contend Plaintiff's FAC should be dismissed because the Court lacks jurisdiction based on *Colorado River* abstention. (ECF No. 7 at 3.) "[F]ederal courts may stay actions for damages based on abstention principles, but those principles do not support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 707 (1996). The instant action is for damages. (ECF No. 4 at 23–26.) Thus, while this Court may stay the action, the Court otherwise rejects Defendants' contention that the action should be dismissed based on *Colorado River* abstention.

#### A.   Jurisdiction over a *res*

The first factor considered by the Court is whether either court has assumed jurisdiction over a *res*. *Nakash*, 882 F.2d at 1415. Because there is no *res* in the control of either court, this factor is irrelevant. *Id*. at 1416.

#### B.   Relative convenience of the forums

Defendants contend that the convenience of forums is irrelevant in this case. (ECF No. 7-1 at 5.) Additionally, Plaintiff concedes that this factor is inapplicable because both the federal and state cases are in Sacramento. (ECF No. 8 at 4.) Because there is nothing to suggest inconvenience of either forum this Court finds the forums are equally convenient. Therefore, this factor is irrelevant.

#### C.   Piecemeal litigation

Defendants contend the Hayward Action commenced first, and adjudicating the federal case will involve addressing the same issues. (ECF No. 7 at 6.) Plaintiff contends that this parallel litigation is duplicative, not piecemeal. (ECF No. 8 at 3.) However, the Ninth Circuit has held "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). The Court finds that allowing both the instant action and the Hayward Action to proceed will result in piecemeal litigation since the

cases are nearly identical. Such duplicate efforts may lead to inconsistent results. Therefore, this factor falls in favor of staying Plaintiff's action.

### D. Order in which jurisdiction was acquired

The Supreme Court has instructed that courts apply this factor in a pragmatic and flexible manner. *Moses Cone*, 460 U.S. at 21. State Plaintiff filed her complaint August 22, 2014. (ECF No. 7-6 at 4.) Plaintiff's original complaint was filed January 26, 2015. (ECF No. 1.) Plaintiff filed her FAC May 8, 2015. (ECF No. 4.) Defendants contend Plaintiff's case has been permitted to "languish" while the state action has already commenced discovery. (ECF No. 7 at 6.) The Court notes that Plaintiff's case has not "languished"; rather, Plaintiff's case has progressed at a normal rate for a case filed in the Eastern District of California which has one of the highest caseloads in the nation. Furthermore, Defendants do not provide any supporting documentation to support their allegation that the Hayward Action has begun discovery. However, even assuming Defendants' allegation is true, the federal action commenced only a few months after the Hayward Action and The Hayward Action has not made significant advances beyond the instant action. Therefore, this factor falls only slightly in favor of staying.

### E. Controlling law

Defendants contend that state-law issues predominate in the instant case and the state court is better situated to resolve those issues. (ECF No. 7 at 7.) In rare circumstances the presence of state-law claims may weigh in favor of surrender of jurisdiction. *Moses Cone*, 460 U.S. at 26. However, "the presence of federal-law issues must always be a major consideration weighing against surrender." *Id*. Plaintiff alleges seven California law claims. (ECF No. 4 at 12.) However, Plaintiff also alleges a federal FLSA claim. (ECF No. 4 at 12.) In this case, there is nothing to suggest that there are rare circumstances that would favor surrender of jurisdiction because of Plaintiff's state-law claims. Furthermore, Plaintiff's federal claim weighs heavily against abstention.

### F. Forum shopping

Defendants contend that Plaintiff has engaged in forum shopping. (ECF No. 7 at 8.) Forum shopping weighs heavily in favor of abstention. *Nakash*, 882 F.2d at 1417. FLSA actions

may be brought in either federal or state courts. *See* 29 U.S.C.A. § 216(b). However, Plaintiff contends federal court "entitles the Class to additional procedural rights, i.e., FLSA opt-in/collective action, and additional remedies that state law does not provide, i.e., liquidated damages in an amount equal to overtime wages owed pursuant to FLSA § 216(b)." (ECF No. 8 at 3.) Plaintiff's analysis suggests that Plaintiff may have engaged in forum shopping by filing a federal claim instead of joining the pending state action in order to acquire additional rights and remedies for a purely tactical advantage. *See Am. Int'l Underwriters (Philippines),* 843 F.2d at 1259 (holding that abandoning state court case solely because Federal Rules of Evidence are more favorable epitomizes forum shopping); *Nakash*, 882 F.2d at 1417 (affirmed a *Colorado River* abstention when it was clear that plaintiff was forum shopping). However, the Court is disinclined to assume an insidious motive on the part of Plaintiff when it is not entirely clear based on a review of the record at this juncture. Accordingly, this factor weighs only slightly in favor of abstention.

        G.   <u>Adequacy of state court proceedings to protect federal litigant's rights</u>

As discussed, *supra*, Plaintiff contends that having her FLSA claim heard in federal court rather than state court will allow her to obtain remedies and procedural advantages that are not available in state court. (ECF No. 8 at 5.) "[I]f there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *Moses Cone,* 460 U.S. at 26. However, when there is no question that the state court has authority to address the rights and remedies at issue this factor has little or no weight. *Travelers*, 914 F.2d at 1370. Plaintiff contends that "Only in this FLSA action do Plaintiff and the Class have the opportunity to promptly conditionally certify a FLSA opt-in class and get notice out to class member that would not only opt-in but also assist as witnesses/declarants in discovery proceedings, a Rule 23 motion, and trial." (ECF No. 8 at 5.) While this may be true, because all of Plaintiff's claims, including the FLSA claim, may be brought in state court and addressed by that court, this Court finds that state court proceedings adequately protect Plaintiff's rights. Therefore, this factor is neutral or slightly leans towards granting a stay.

//

H. <u>Substantial similarity</u>

Finally, Defendants contend Plaintiff's FAC and the concurrent Hayward Action are substantially similar. (ECF No. 7 at 5.) The *Colorado River* abstention doctrine threshold requirement for parallel federal and state actions is whether the two cases are substantially similar. *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1021 (N.D. Cal. 2008) (*citing Nakash*, 882 F.2d at 1416). The inquiry does not require exact parallelism. *Nakash*, 882 F.2d at 1416. Defendants contend that:

> Out of the eight causes of action that plaintiff asserts here, six involve violations of California state law and are identical to the causes of action alleged in Hayward. Both cases purport to allege a putative class action against common defendant, CARESCOPE, LLC. And necessarily will require identical discovery, witnesses and evidence.

(ECF No. 7 at 5.) Additionally, the Plaintiff concedes that both cases are parallel. (ECF No. 8 at 3.) Therefore, the Court finds this factor weighs in favor of staying the instant action.

**CONCLUSION**

In determining whether to abstain or grant a stay, the balance weighs heavily in favor of the exercise of jurisdiction. *Moses Cone*, 460 U.S. at 16. "Generally, the pendency of an action in state court is no bar to proceedings concerning the same matter in federal court; [] the Colorado River abstention doctrine creates an "extraordinary and narrow exception" to this general rule. *Cartwright v. Univ. of California, Davis*, No. 2:05CV0725-MCE-KJM, 2006 WL 902568, at *4 (E.D. Cal. Apr. 5, 2006) (citing *Colorado River*, 424 U.S. at 813, 817). While several of the *Colorado River* factors do weigh in favor of granting a stay in this case, on balance Defendants have failed to demonstrate the exceptional circumstances necessary to overcome the heavy balance in favor of exercising jurisdiction. The presence of Plaintiff's federal claim coupled with federal courts "unflagging obligation" to exercise jurisdiction push the scales against abstention. Therefore, Defendants' Motion to Dismiss or Alternatively to Stay Proceedings (ECF No. 7) is hereby DENIED.

//

//

IT IS SO ORDERED.

Dated: May 10, 2016

Troy L. Nunley
United States District Judge